IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALAN COLE ONSTAD                                                                                  PLAINTIFF

      v.                                         Civil No.   12-6020

DEPUTY JACK NARON;
DEPUTY TRAVIS HILL; and
SHERIFF PRESTON "PEP" GLENN                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Alan Onstad, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections East Arkansas Regional Unit in Brickeys, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant Naron's Notice that he has no evidence to contest Plaintiff's remaining due process claims. ECF No. 57.

**I.    BACKGROUND**

The events that are the subject of this case occurred while Plaintiff was incarcerated as a pretrial detainee in the Pike County Detention Center (PCDC). Plaintiff maintains his due process rights were violated when Defendant Naron placed in lock-down without an opportunity to be heard.

Plaintiff maintains he was twice put in isolation by Defendant Naron. ECF No. 42 at 3. The first time, Plaintiff indicates he was placed in isolation by Defendant Naron for passing a love note

to a female inmate. He was in isolation for two or three days from January 5 to either January 7 or January 8. In isolation, Plaintiff indicates he did not have access to a shower, television, telephone, or human interaction. With respect to the January 28 incident, Plaintiff indicates he was taken back to his cell the same day. ECF No. 42, pp. 2-4.

## II.     APPLICABLE LAW

When "an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, due process requires some kind of hearing beforehand." *Jones v. Mabrey*, 723 F.2d 590, 594 (8th Cir. 1983). "The Supreme Court has outlined the procedures correctional facilities must follow to conduct an impartial due process hearing on a disciplinary matter." *Hartsfield v. Nichols*, 511 F.3d 826, 830 (8th Cir. 2008)(*citing Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)). These procedures include written notice of the charges, a brief period to prepare, a written statement of the evidence relied on and reasons for the disciplinary action, and the ability for the inmate to call witnesses and present documentary evidence. *Id; see also Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007).

>   In *Brown-El v. Delo*, 969 F.2d 644 (8th Cir. 1992), the Court noted that it did:
>
>   not quarrel with the prison's need to segregate individual inmates from the general prison population for non-punitive reasons; for example, where the inmate is being held pending an investigation of misconduct charges or where there is a threat to the safety and security of the institution. Absent a showing of an expressed intent to punish by the prison officials, whether an inmate is segregated for "punitive" reasons or for administrative purposes generally will turn on whether the detention is reasonably related to a legitimate government objective. If the decision to segregate is arbitrary or purposeless, a court may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon inmates.

*Id.* at 647-48 (internal quotation marks and citations omitted).

### III.     DISCUSSION

In his Motion for Summary Judgment, Defendant Naron argued Plaintiff's due process claims fail as a matter of law.  Defendant Naron relied on *Sandin v. Conner*, 515 U.S. 472, 486 (1995) and cases applying it in support of this argument.  The Court rejected this argument pointing out that *Sandin* applies to convicted inmates not to pretrial detainees such as Plaintiff.  *See e.g., Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012).  The Court then found there was insufficient evidence on the record to determine whether either party was entitled to summary judgment on Plaintiff's contested due process claims and ordered Defendant Naron to file a supplemental motion for summary judgment in order to supplement the record with the evidence or legal arguments needed to make a determination on the claim.  ECF Nos. 50, 51.

Rather than file a supplemental motion for summary judgment, Defendant Naron filed the instant Notice.  ECF No. 57.  In this Notice Defendant Narron made the following representations to the Court:

> There is no record in the Plaintiff's jail file documenting what days the Plaintiff was held in the book-in cell.  As such, there is no basis for the Defendant to dispute the Plaintiff's allegation that he was placed in a book-in cell for two (2) or three (3) days in early January 2010.
>
> Likewise, it is an undisputed fact that the Plaintiff was in the book-in cell on January 28, 2010 as this is where the incident between the Plaintiff and Separate Defendant Naron and Travis Hill occurred.
>
> In addition, there is no record of the Plaintiff being given a formal diciplinary haring prior to being moved to the book-in cell, and Naron has no recollection of any such hearing occurring.  *As such, the Defendant has no basis to dispute the Plaintiff's allegation that he was placed in a book-in cell without written charges or a disciplinary hearing.*

ECF No. 57 (emphasis added).  As Defendant Naron does not dispute any facts alleged by Plaintiff or assert any additional legal arguments with regards to his due process claims, the Court must find

Defendant libel for violating Plaintiff's due process rights.

The undisputed facts on the records indicate Plaintiff was placed in isolation on two occasions for a total of approximately four (4) days. Further, the record indicates Plaintiff was placed in isolation as punishment for passing a love note and watching female inmates exposing themselves. ECF No. 42, p. 24. Additionally, while in isolation Plaintiff was deprived of shower, television, and phone privileges. Lastly, Plaintiff was not allowed a diciplinary hearing, notice, or opportunity to be heard on either of these instances. ECF No. 42, pp. 2-4.

Defendant Naron has not disputed any facts set forth by Plaintiff or presented any additional legal arguments that Plaintiff's isolation was related to a legitimate penological interest. Therefore, the Court must recommend judgment be entered against Defendant Naron for violating Plaintiff's due process rights. *See Brown-El v. Delo*, 969 F.2d 644 (8th Cir. 1992)

Plaintiff has not alleged any physical injury resulting from his lock down in the book-in cell in violation of his due process rights. Instead, Plaintiff only alleges emotional stress, deprivation of privileges, embarrassment, and emotional suffering.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (the PLRA limits recovery for mental or emotional injury in all federal actions brought by prisoners). While the PLRA does limit recovery on claims where the plaintiff has no physical injury it does not bar such claims—nominal damages, punitive damages, and injunctive and declaratory relief are available to a plaintiff that does not claim a physical injury. *See Royal*, 375 F.3d at 723.

The Court finds nominal damages are appropriate in this case. *See Williams v. Hobbs,* 662

F.3d 994, 1010 (8th Cir. 2011) (nominal damages are meant to vindicate constitutional rights whose deprivation has not caused an actual, provable injury and "one dollar is recognized as an appropriate value for nominal damages"). Therefore, the Court recommends Defendant Naron be ordered to pay Plaintiff $1 in nominal damages for violating his due process rights. Further, the Court recommends Defendant Noran be ordered to pay the costs of the filing fee in this action. *See* Fed. R. Civ. P. 54(d)(1).

### IV.   CONCLUSION

Accordingly, the Court recommends judgment be entered against Defendant Naron on Plaintiff's uncontested due process claims. Further, the Court recommends Plaintiff be awarded $1 in nominal damages. Further, the Court recommends Defendant Naron be ordered to pay to the Clerk of the Court the $350 filling fee in this matter. If any or all of the filling fee that has been paid through deductions from Plaintiff's inmate account, the Clerk should be instructed to refund the funds to Plaintiff.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE