IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALAN COLE ONSTAD                                                    PLAINTIFF

v.                          Case No. 6:12-cv-06020

DEPUTY JACK NARON                                                  DEFENDANT

## ORDER

Before the Court are two Report and Recommendations filed by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. The Court finds these matters ripe for its consideration.

## I. Background

Alan Cole Onstad, a pretrial detainee in the Pike County Detention Center at the time of these events, brought suit against Deputy Jack Naron and others, alleging that various rights were violated when the Defendants placed him in isolation without an opportunity to be heard, used excessive force against him by spraying him with pepper spray and using a high powered garden hose for "decontamination," depriving him of his personal property, denying him access to the courts, and unlawfully transporting him to another detention facility.

Defendants filed a Motion for Summary Judgment on October 15, 2013. (ECF No. 33). Onstad responded. (ECF No. 40). Defendants replied (ECF No. 43), and Onstad responded to their reply (ECF No. 44). Onstad then filed a Motion for Summary Judgment on December 10, 2013. (ECF No. 45). Defendants responded (ECF No. 46). Judge Marschewski filed a Report and Recommendation August 8, 2014 addressing both parties' motions, recommending that Onstad's

Motion for Summary Judgment be denied, and the Defendants' Motion be granted in part and denied in part.  The Report and Recommendation was adopted by this Court *in toto* on September 8, 2014, after neither party filed objections.  (ECF No. 51).  The adoption of the Report and Recommendation dismissed all defendants except Naron.  Naron then filed a notice to the Court that he had no evidence to dispute the remaining claims against him.  (ECF No. 57).  Judge Marschewski then entered his second Report and Recommendation, (ECF No. 59) recommending that the Court enter judgment in favor of Onstad on the remaining claims and awarding him nominal damages.

Meanwhile, this Court granted Onstad's Motion Seeking Time to File a Belated Objection to the first Report and Recommendation.  (ECF No. 58).  Onstad timely filed those belated objections, (ECF No. 62), which reopened this Court's review of the first Report and Recommendation which had previously been adopted in toto.  This Order addresses each Report and Recommendation in turn.

## II.  Report and Recommendation (Aug. 8, 2014)

The Court will first consider the Report and Recommendation filed August 8, 2014.  (ECF No. 50).  Judge Marschewski recommended that Naron's Motion for Summary Judgment (ECF Nos. 33-35) be granted in part and denied in part, and he recommended that Onstad's Motion for Summary Judgment (ECF Nos. 40-42) be denied.  After thorough review, and for the reasons stated herein, the Court's previous adoption of Judge Marschewski's Report and Recommendation (ECF No. 51) is modified by this Order.

In ruling on a motion for summary judgment, the Court applies the well-established summary

judgment standards.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion, and identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  Rule 56 imposes no requirement on the moving party to "support its motion with affidavits or other similar materials negating the opponent's claim."  *Id.* at 323.

Onstad brings two objections.  First, he argues that there is a genuine issue of material fact concerning why mace was used on him.  Specifically, he argues that his account of the facts as well as the incident report support the fact that mace was used because Onstad was calling Naron names, while Naron asserts that the mace was used because there was a struggle.  However, the Report and Recommendation does not make a factual determination of whether a struggle occurred.  Instead, Judge Marschewski reasoned that "Plaintiff does not deny that he was being disruptive, failed to follow orders, or that he attempted to obtain objects from the booking desk."  (ECF No. 50 pg. 10).  Those facts were undisputed, and it was upon those facts that Judge Marschewski correctly concluded that the use of the mace was not excessive.

Next, Onstad argues that there were genuine disputes of material facts regarding whether the

deputies used excessive force by taking Onstad outside and spraying him with a water hose.  Pre-trial detainees' confinement conditions are properly analyzed under the due process clause of the Fifth and Fourteenth Amendment rather than the Eighth Amendment's cruel and unusual punishment standard which is used for convicted prisoners.  *Johnson-El vs. Sachoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).  The evaluation of the excessive-force claim is determined under an objective reasonableness standard.  *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001).

The "objective reasonableness" standard calls for "a careful balancing of the nature and quality of the intrusion" on the constitutionally-protected right against "the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  In the case at bar, those governmental interests relate to the operation of a detention facility, which, is a unique place filled with possible security dangers.  While the state is not allowed to punish a pre-trial detainee for the crime of which he stands accused, it is allowed to enforce its legitimate governmental interests in institutional security, order, and efficiency in the institution's operation.  *Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001).  These are the interests that must be balanced against Onstad's Fifth and Fourteenth Amendment rights to due process of law.  The "reasonableness" of a particular use of force is judged from the perspective of a reasonable officer on the scene in light of the circumstances, not by examining the actual intent or motivation of the officers involved.  *Graham*, 490 U.S. at 397.

The Court finds that genuine issues of fact remain regarding whether Onstad's constitutional rights were violated by an objectively unreasonable use of force.  In his Complaint, Onstad alleges that, after he was sprayed with "mace/pepper spray" inside his cell, the deputies took him outside

4

"into the 30° weather and ordered [him] to lay down in the snow and ice while they sprayed [him] with a high pressure nozzle on the end of a garden hose . . . at full force." (ECF No. 23).  *See Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam) (noting that, for summary judgment purposes, verified complaint is equivalent of affidavit).  However, both Naron and Hill state that only a regular garden hose was used to decontaminate the Plaintiff.  Naron states that the hose was not even turned on all the way, and, according to Hill, the hose was actually equipped with a valve that lowered its water pressure.  Naron and Hill state that it was not that cold outside, estimating that it was probably between forty and fifty degrees outside at the time and there was no snow on the ground.

While "[e]very disputed fact between altercants is not a material fact for purposes of summary judgment . . . .  [The Plaintiff may survive summary judgment] 'only if the evidence viewed in the light most favorable to him [goes] beyond a mere dispute over the reasonableness of the force used and . . . support[s] a reliable inference of the wantonness in the infliction of pain." *Miller v. Leathers*, 885 F.2d 151, 154-55 (4th Cir. 1989), quoting *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir.1987).  The Court finds that, in this situation, in a light most favorable to Onstad, there are sufficient disputed material facts regarding the outdoor conditions, the amount of force used, the nature of the water hose used, and whether the force applied was reasonable under the circumstances, to preclude entry of summary judgment on Onstad's excessive-force claim with respect to the pepper spray "decontamination" with the water hose.  *See Campbell v. Grammar*, 889 F.2d 797, 802 (8th Cir. 1989) (finding cruel and unusual punishment when guards intentionally sprayed prisoners with high-powered fire hose); *Jones-Bey v. Wright*, No. 3:94-CV-0218 AS, 1996

5

WL 137846, at *7 (N.D. Ind. Mar. 20, 1996) (finding in the Eighth Amendment context that disputed issues of fact remained when Plaintiff alleged he was sprayed with a water hose when there was dispute over the amount of pressure and the length of time of the spray).

Therefore, the Defendants' Motion for Summary Judgment should be denied with respect to the claim that excessive force was used when Onstad was sprayed with a water hose because the factual circumstances surrounding the decontamination are disputed.  The remainder of the Report and Recommendation should be adopted.

### III.  Report and Recommendation (Nov. 13, 2014)

Next, the Court will consider the Report and Recommendation filed November 13, 2014, by Judge Marschewski.  (ECF No. 59).  Judge Marschewski recommends that judgment be entered against Defendant Naron on Plaintiff's uncontested due process claims.  He also recommends that Onstad, be awarded $1 in nominal damages.  Further, Judge Marschewski recommends that Naron be ordered to pay the Clerk of the Court $350 filing fee.  Onstad filed objections to the Report and Recommendation.  (ECF No. 60 & 61).  Naron has not filed any objections.  The Court finds this matter ripe for its consideration.

After Judge Marschewski recommended that the Due Process claims remain, Naron filed a Notice to the Court, representing that he had no evidence to contest Plaintiff's allegations that he was placed in the isolation cell on two different occasions, and also that he had no evidence to contest Plaintiff's allegations that he was not given a hearing prior to being moved into the isolation cell. Naron informed the Court that he had no recollection of a hearing, and thus, he had "no basis to

dispute the Plaintiff's allegation that he was placed in a book-in cell without written charges or a disciplinary hearing."  (ECF No. 57).

Based on Naron's Notice to the Court, Judge Marschewski found Naron liable for violating Onstad's due process rights.  The Court went on to find that nominal damages were appropriate because Onstad did not claim a physical injury.  Onstad filed objections to the Report and Recommendation, arguing that punitive damages were warranted because Naron was acting with malicious intent, he should be awarded the amount of the settlement offer, and Judge Marschewski erred when he granted summary judgment on the due process issue because Onstad did not request summary judgment but specifically asked that it be "bound over for trial."

Plaintiff Onstad first argues that it was clear that Naron was acting "with malicious intent and out of spite," and therefore punitive damages are warranted.  However, the Court has reviewed the facts and finds that punitive damages are not warranted.  Onstad also argues that he should be awarded the $500 that Naron's attorney offered him because it is an admission of guilt.  However, the letter is not an admission of Naron's egregiousness or the propriety of punitive damages, but it is a settlement offer.  Onstad did not accept the offer from Naron when it was available and is not now entitled to the amount of the settlement offer.

Onstad also asserts that Judge Marschewski erroneously granted summary judgment on the due process issue.  Specifically, Onstad points out that he did not seek summary judgment on the due process issue but instead asked that it be determined at trial in his motion for summary judgment. Because Naron informed the Court that he did not dispute the material facts alleged by Onstad, no factual issues remained for determination by a jury.  Even if Onstad desired a trial by jury on those allegations, if there are no remaining issues for jury determination, summary judgment on that claim

7

is appropriate.  *Manning v. Am. Republic Ins. Co.*, 604 F.3d 1030, 1038 (8th Cir. 2010) ("Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.").  Though Onstad did not formally move for summary judgment after Naron's Notice, the court may sua sponte enter summary judgment when "the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted."  *Interco Inc. v. National Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir. 1990).  Judgment was recommended to be entered against Naron, who does not contest that he had sufficient notice or adequate opportunity to contest the entry of judgment.

Therefore, Judge Marschewski's second Report and Recommendation should be adopted *in toto*.


### IV.  Conclusion

Accordingly, the Court's previous adoption of Judge Marschewski's Report and Recommendation (ECF No. 51) is modified by this Order.  The Report and Recommendation filed August 8, 2014 (ECF No. 50) is hereby **ADOPTED IN PART** and **REJECTED IN PART**.  Specifically, Summary Judgment for Defendants should be and hereby is granted as to the following claims: (1) all official capacity claims; (2) all claims against Hill; and (3) the deprivation of property claim.  Sheriff Glenn is dismissed from this case.  Defendants' Summary Judgment Motion is denied as to Plaintiff's due process claim stemming from his time spent in segregation and excessive force regarding his "decontamination" with a water hose.  Plaintiff's Motion for Summary Judgment (ECF

No. 45) is DENIED.

The Report and Recommendation filed November 13, 2014 (ECF No. 59) is hereby **ADOPTED.**  The Court finds Defendant Naron liable for violating Onstad's due process rights stemming from his time spent in segregation.  Nominal damages should be awarded to Plaintiff in the amount of $1 on this claim.  Defendant Naron is ordered to pay the Clerk of Court a $350 filing fee.

Plaintiff's claim for excessive force during his outdoor "decontamination" with a water hose remains.  The Court finds that there are sufficient disputed factual issues regarding the decontamination such that summary judgment is not appropriate.

**IT IS SO ORDERED**, this 20th day of January, 2015.


  /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

9